953 A.2d 766

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
TRI–WAY KARS, INC., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 27, 2008—Decided August 18, 2008.

Before Judges COLLESTER, C.S. FISHER and C.L. MINIMAN.

*Leonard S. Miller* argued the cause for appellant.

*Charles Cho*, Assistant Prosecutor, argued the cause for respondent (*John L. Molinelli*, Bergen County Prosecutor, attorney; Mr. Cho, of counsel and on the brief).

The opinion of the court was delivered by

C.L. MINIMAN, J.A.D.

Defendant Tri–Way Kars, Inc., appeals from an October 12, 2007, judgment of the Law Division on de novo review upholding an April 4, 2007, decision by the Central Municipal Court of Bergen County finding defendant guilty of violating the Consumer Fraud Act (CFA), *N.J.S.A.* 56:8–1 to –166, and ordering it to pay a fine of $1257, costs of $33 and restitution of $2062.50 to Samuel White, the individual consumer involved in the subject motor vehicle sale.

## I.

This action was begun in the name of the State of New Jersey on March 6, 2007, when the Central Municipal Court of Bergen County issued a summons to defendant on the complaint of Frank Benedetto, Director, Bergen County Division of Consumer Affairs,[1] alleging "consumer fraud" in violation of *N.J.S.A.* 56:8–2 without any further elaboration respecting the nature of the consumer fraud or the essential facts of the transaction. After some limited discovery, defendant's president, Edward Goldberg, appeared with counsel on April 4, 2007, before the municipal court judge to answer the charges, at which time defendant made a preliminary motion for dismissal. Defense counsel argued that the summons and complaint lacked specificity and violated the due process clauses of the United States and New Jersey Constitutions. Defense counsel also argued that the summons was defective on its face because it had not been sworn. The State offered to cure the defect in the summons and then argued that defendant

---

[1] A director of a county division of consumer affairs is subject to the regulations adopted at *N.J.A.C.* 13:45A–13.1 to –13.8.

knew that the consumer fraud was the sale of a vehicle to which defendant did not have clear title, issued an illegal second temporary registration certificate without having clear title, and refunded an insufficient amount of the purchase price. The municipal judge denied both motions, requiring Benedetto to sign the summons to cure the "technical" defect. The matter was tried to a conclusion.

On April 9, 2007, defendant filed a timely notice of appeal with the Law Division. At an initial hearing on September 10, 2007, the judge ordered briefing on two issues: whether the municipal court had jurisdiction to hear allegations of consumer fraud and what burden of proof applied to such allegations. After briefs were filed, a hearing was held on October 3, 2007, at which time the parties waived oral argument and relied on their submitted briefs. The judge issued a letter opinion holding that the municipal court had jurisdiction to hear the consumer fraud charge under *N.J.S.A.* 56:8–14 and –14.1 and affirming defendant's conviction for consumer fraud in violation of *N.J.S.A.* 56:8–2. All fines and penalties were stayed pending appeal. We reverse on jurisdictional grounds.

## II.

The undisputed facts at trial establish that defendant is a used car dealer located in South Hackensack that has been in business for over thirty years. It maintains an inventory of between eighty and one hundred vehicles. Defendant's president is Edward Goldberg. In July 2006 defendant purchased a 1999 Dodge 3500, a fifteen-passenger van, from a repeat customer, Herbert Brown, as a trade-in toward the purchase of another vehicle. In doing so, Brown tendered the New York Certificate of Title No. 7681060 for the van registered in his name to defendant. The certificate indicated that AmeriCredit Financial Services, Inc., had a recorded lien on the vehicle. Brown provided defendant with a lien release obtained from AmeriCredit as proof that the lien had been satisfied in full some time in 2002. After Brown provided the lien

release to defendant, he picked up the Chevy Suburban on July 26, 2006, and surrendered the Dodge 3500. Defendant's salesman for the transaction with Brown was Anthony Petrullo. Thus, it was undisputed that as of July 26, 2006, defendant had the New York title certificate and the release of lien in its possession.

Samuel White testified without dispute that on August 24, 2006, he went to defendant's place of business and negotiated the purchase of the Dodge 3500 van for $5000, plus $350 in sales taxes. The salesperson was also Petrullo. White gave defendant $4400 because he was unable to pay the full amount at that time. Petrullo agreed that White would have until September 13, 2006, to pay the remaining $950 balance.

White executed an Agreement and Bill of Sale indicating that a balance of $950 "MUST BE PAID WITHIN 20 DAYS OF TEMP. PLATE." The Agreement warned that the sale was "AS IS, NO GUARANTEE." White received a service contract from Protection Plus, Inc., for complete automotive repair services (C·A·R·S) and signed a New Jersey Used Motor Vehicle Waiver of Limited Warranty on August 24, 2006. He further acknowledged that service would be provided by C·A·R·S and that the vehicle was not guaranteed by the dealer.

White also signed an undated promissory note agreeing to pay $950 no later than September 13, 2006, and acknowledged that "Tri Way Kars holds lien to title on my _____ [2] [u]ntil all such promissory notes are satisfied." The promissory note warned that "[i]t is illegal to issue or receive a second temporary plate. ONE temporary plate per vehicle. NO EXCEPTIONS." The Odometer Disclosure Statement revealed that the Dodge 3500 van had 91,600 miles on the odometer and White signed the statement. White was then given possession of the vehicle and issued a temporary registration. White, thus, agreed that defendant would

---

[2] The description of the vehicle was not inserted in this blank space on the original document.

retain permanent title to the van until the $950 balance was satisfied.

By and large, the testimony with respect to what happened after August 24, 2006, is hotly disputed. Because we decide this case on jurisdictional grounds, further explication of the facts is unnecessary. Suffice it to say that White contended that he tendered the balance due but defendant did not have clear title. Defendant contended that it always was ready, willing and able to transfer title, but White never tendered the balance due.

## III.

The Law Division judge in a written decision held that the municipal court had jurisdiction to hear the consumer fraud charge under *N.J.S.A.* 56:8–14 and –14.1:

> The Municipal Courts of the state have jurisdiction to hear cases arising from violations of the Consumer Fraud Act, *N.J.S.A.* 56:8–1 *et seq.* The relevant statute states, in part, that "[t]he Superior Court *and every municipal court* shall have jurisdiction of proceedings for the collection and enforcement of a penalty imposed because of the violation, within the territorial jurisdiction of the court . . ." *N.J.S.A.* 56:8–14 (emphasis added).
>
> Defendant submits that *N.J.S.A.* 56:8–2.20, stating that "[t]his act shall not apply to the sale of motor vehicles . . .", plainly denies the Municipal Court jurisdiction over the instant matter. However, 56:8–2.20 is a provision of the "Refund Policy Disclosure Act," *N.J.S.A.* 56:8–2.14 *et seq.*, and so the reference to "[t]his act" clearly applies with specificity to the Refund Policy Disclosure Act, not to the entirety of the Consumer Fraud Act.
>
> Finally, as this action was brought by Frank Benedetto, the Director of the Bergen County Division of Consumer Affairs, *N.J.S.A.* 56:8–14.1 confers jurisdiction to "a municipal court in the municipality where the offense was committed" for actions brought by a county Division of Consumer Affairs. As the violation in question occurred in South Hackensack, the Central Municipal Court had jurisdiction over the matter.
>
> Based on all of these factors, Central Municipal Court had jurisdiction over the instant case, and was entitled to issue its ruling.

The judge concluded:

> The [d]efendant could not provide clear, marketable title at the time of sale. Trial transcript provides ample support for a conclusion that [d]efendant, Tri–Way Kars, was guilty of violating the Consumer Fraud Act, *N.J.S.A.* 56:8–1 *et seq.* by a preponderance of the evidence by intentionally misrepresenting the marketability of the title to the van it sold to Samuel White.

Accordingly, the judge affirmed the fines, penalties and restitution imposed by the municipal judge and subsequently stayed them pending this appeal.

Defendant raises five main issues on appeal: First, the complaint was void for vagueness and should have been dismissed. Second, the Law Division applied the wrong scope of review. Third, the judge misstated the facts and the law in making her decision. Fourth, the State failed to prove consumer fraud beyond a reasonable doubt. Finally, the municipal court had no jurisdiction of the charge of consumer fraud. Because jurisdiction is pivotal to the enforceability of any judgment, we address that point first.

## IV.

■ The issue of jurisdiction is a legal issue as to which we owe the Law Division judge no special deference. *Manalapan Realty, L.P. v. Twp. Comm. of Manalapan*, 140 *N.J.* 366, 378, 658 *A.*2d 1230 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."). Plaintiff argues that both *N.J.S.A.* 56:8–14 and *N.J.S.A.* 56:8–14.1 provided the municipal court with jurisdiction over the complaint. We disagree.

## A.

■ In her written opinion, the Law Division judge concluded that the municipal court had jurisdiction under *N.J.S.A.* 56:8–14, which provides in pertinent part:

> The Superior Court and every municipal court shall have jurisdiction of proceedings *for the collection and enforcement of a penalty imposed* because of the violation, within the territorial jurisdiction of the court, of any provision of the act to which this act is a supplement. Except as otherwise provided in this act the penalty shall be collected and enforced in a summary proceeding pursuant to "the penalty enforcement law" (*N.J.S.* 2A:58–1 et seq.[3]). Process shall be either in the

---

[3] Now, the Penalty Enforcement Law of 1999, *N.J.S.A.* 2A:58–10 to –12.

nature of a summons or warrant and shall issue in the name of the State, upon the complaint of the Attorney General or any other person.

[*N.J.S.A.* 56:8–14 (emphasis added).]

Defendant, however, argues that *N.J.S.A.* 56:8–14 does not confer original general jurisdiction of "consumer fraud" claims on the municipal courts. Rather, it argues that this provision only confers jurisdiction on municipal courts for the "collection and enforcement of a penalty imposed because of [a] violation."

When we construe a statute, our goal is to give effect to the Legislature's intent, and the best indicator of that intent is the statutory language itself. *Frugis v. Bracigliano*, 177 *N.J.* 250, 280, 827 *A.*2d 1040 (2003). "We ascribe to the statutory words their ordinary meaning and significance and read them in context with related provisions so as to give sense to the legislation as a whole." *DiProspero v. Penn*, 183 *N.J.* 477, 492, 874 *A.*2d 1039 (2005) (citing *Lane v. Holderman*, 23 *N.J.* 304, 313, 129 *A.*2d 8 (1957); *Chasin v. Montclair State Univ.*, 159 *N.J.* 418, 426–27, 732 *A.*2d 457 (1999)).

When it appears that a person has engaged or is engaging in an act declared unlawful by the Consumer Fraud Act, the Act empowers the Attorney General to require the actor to file a statement or report in writing under oath, examine any person under oath, examine merchandise and documents, and on order of the Superior Court impound documents and merchandise. *N.J.S.A.* 56:8–3. Upon receiving evidence of a violation, the Attorney General is empowered to hold hearings "and upon finding the violation to have been committed, to assess a penalty against the person alleged to have committed such violation in such amount within the limits of [*N.J.S.A.* 56:8–13 to –14] as the Attorney General deems proper under the circumstances." *N.J.S.A.* 56:8–3.1.[4] The penalties that may be imposed by the Attorney General for a first offense shall not exceed $10,000 and

---

[4] The Attorney General is also entitled to recover costs in any action it institutes under the Act. *N.J.S.A.* 56:8–11.

for a second and each subsequent offense it shall not exceed $20,000. *N.J.S.A.* 56:8–13. Such penalty "shall be exclusive of and in addition to any moneys or property ordered to be paid or restored to any person in interest pursuant to [*N.J.S.A.* 56:8–14] or [*N.J.S.A.* 56:8–15]." *Ibid.*

With this statutory scheme in mind, it becomes readily apparent from the language of the statute itself that the municipal court only has jurisdiction under *N.J.S.A.* 56:8–14 to *enforce*, not assess, penalties imposed by the Attorney General in proceedings instituted under his or her authority.

Chapter 45, Title 13, of the New Jersey Administrative Code specifies that "[t]he following rules shall govern the commencement, pleadings and final decision in all contested cases before the Division [of Consumer Affairs]." *N.J.A.C.* 13:45–1.2. The jurisdiction of the Division extends to all advertisements and sales of merchandise and real estate. *N.J.A.C.* 13:45–2.1(a). The regulations are very specific as to the steps to be taken by the Attorney General whenever it appears that the Act has been or is being violated. First, the Attorney General may issue a notice of hearing and complaint seeking relief. *N.J.A.C.* 13:45–3.1(a). The notice of hearing must contain:

1. A statement that the respondent shall file an answer to the allegations in the complaint within 35 days of service of the complaint;

2. A statement that the answer shall admit or deny each allegation in the numbered paragraphs of the complaint;

3. A statement of the time and place of the hearing;

4. A statement of the legal authority and jurisdiction under which the hearing is to be held;

5. A statement that the respondent may present evidence in defense to the charges contained in the complaint, either through an attorney or personally;

6. A statement that should the respondent fail to file an answer or appear at the hearing, a default will be entered and the complainant will proceed with proofs in support of the relief demanded; and

7. A statement that adjournments will be granted where the party requesting the adjournment has conformed to the regulations set forth in *N.J.A.C.* 1:1–9.6. If the application for adjournment is untimely, the Director may order any sanctions provided in *N.J.A.C.* 1:1–14.14.

[*N.J.A.C.* 13:45–3.1(d).]

Additionally, a complaint must contain:

1. A reference to the particular sections of the statute or rule alleged to have been violated;

2. A short and plain statement of the facts giving rise to the alleged statutory or rule violation; [and]

3. A statement of the relief sought by the complainant.

[*N.J.A.C.* 13:45–3.1(e).]

Upon service in accordance with *N.J.A.C.* 13:45–3.2, the respondent is to file an answer in which "the respondent shall admit or deny each allegation of the numbered paragraphs of the complaint." *N.J.A.C.* 13:45–3.3(b). Hearings are to be conducted before the Director, who shall exercise the powers of an administrative law judge. *N.J.A.C.* 13:45–4.2(a). The Director's final decision and order are to include findings of fact and conclusions of law. *N.J.A.C.* 13:45–5.1(b). If a violation is found by the Director, he or she may

order remedies consistent with the applicable statute, which may include registration suspension or revocation, the assessment of a civil penalty in an amount consistent with the statute, based on the findings, a cease and desist directive or other remedial measures and a release from a bond to satisfy obligation, if one is required, restitution to consumers, costs and attorneys' fees.

[*N.J.A.C.* 13:45–5.2(a).]

Payment must be made within ten days. *N.J.A.C.* 13:45–5.4(a). If payment is not made, the Attorney General may collect payment of "a penalty imposed" under the provisions of *N.J.S.A.* 56:8–14. But that statute provides no ground for the exercise by the municipal court of original jurisdiction to *assess* penalties for a violation of the CFA in this case. There simply was no jurisdiction under *N.J.S.A.* 56:8–14.[5]

---

[5] The State argued before us that jurisdiction was available under *N.J.S.A.* 56:8–2.21. That statute provides jurisdiction to municipal courts only over consumer complaints of violations of the Refund Policy Disclosure Act, *N.J.S.A.* 56:8–2.14 to –2.21.

## B.

■ The Law Division judge also relied on *N.J.S.A.* 56:8–14.1 to support jurisdiction in the municipal court. That statute provides:

In any action in a court of appropriate jurisdiction initiated by the director of any certified county or municipal office of consumer affairs, the office of consumer affairs shall be entitled, if successful in the action, to such penalties, fines or fees as may be authorized pursuant to chapter 8 of Title 56 of the Revised Statutes and awarded by the court, and to the reasonable costs of any such action, including investigative and legal costs, as may be filed with and approved by the court. Such costs shall be in addition to the taxed costs authorized in successful proceedings under the Rules Governing the Courts of the State of New Jersey.

As used in this section, "court of appropriate jurisdiction" includes a municipal court in the municipality where the offense was committed or where the defendant may be found. However, the term shall not include a municipal court in a city of the first class if the Chief Justice of the Supreme Court approves a recommendation submitted by the assignment judge of the vicinage in which the court is located to exempt that court from such jurisdiction.

[*N.J.S.A.* 56:8–14.1.]

Plainly, the Municipal Court of South Hackensack would have had jurisdiction over a complaint initiated by a "director of any certified county or municipal office of consumer affairs." *Ibid.* Defendant argues that this action should not have been initiated in the Central Municipal Court of Bergen County, which is not located in South Hackensack.

Bergen County was certainly permitted to establish a central municipal court under *N.J.S.A.* 2B:12–1(e). Pursuant to this statute, the Assignment Judge of Bergen could refer to the central municipal court other cases coming within its limited jurisdiction. *Ibid.* That jurisdiction is limited to "adjudicat[ing] cases filed by agents of the county health department, members of the county police department and force or county park police system." *Ibid.* Bergen County's Division of Consumer Protection is part of the County's Department of Public Safety. *Department of Public Safety,* http://www.co.bergen.nj.us/ departments/public_safety/default.asp. Although it may be arguable that jurisdiction could be conferred on the Central Municipal Court of CFA cases initiated at the behest of the Director of the Bergen County Division of Consumer Protection because it is part of the Bergen County

Department of Public Safety, we need not reach that specific issue because we find that the specific provision of *N.J.S.A.* 56:8–14.1, which limits municipal court jurisdiction over CFA cases to municipal courts *where the defendant is located or where the fraud was committed,* governs the general authority granted to assignment judges under *N.J.S.A.* 2B:12–1(e) to refer certain cases to a central municipal court. As such, we conclude that the Central Municipal Court had no jurisdiction over this case. *J.H. v. Mercer County Youth Det. Ctr.,* 396 *N.J.Super.* 1, 16, 930 *A.*2d 1223 (App.Div.2007) ("It is a well established rule of statutory construction that where two statutes appear to be in conflict, and one is general in nature and the other specific, the conflict is resolved in favor of the more specific.").

## V.

■ Although we have concluded that there was no jurisdiction in the Central Municipal Court, and although not necessary to our disposition of this appeal, we address the issue of the sufficiency of the complaint to provide guidance for future actions filed in municipal courts were the defendant resides or is located pursuant to *N.J.S.A.* 56:8–14.1. The summons and complaint should have been dismissed on the April 4, 2007, motion of defendant. From the face of the summons and complaint, the State, represented by the Central Municipal Court Prosecutor, instituted the action at the behest of Benedetto and in doing so used a municipal form, "Complaint–Summons SF–1 (12–03)." That form is roughly four by eight and a half inches and the complaint portion states:

Complaining Witness Frank Benedetto, Dir. of Div. Consumer Affairs, Residing at One Bergen County Plaza, Hackensack, by certification or oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the month 8, day 24, year 06 in _____ [6] 0290 County of Bergen N.J. did commit the following offense: Consumer Fraud in violation of (one charge only) 56:8–2. Location of Offense 0259 So. Hackensack.

[6] No text was inserted into this blank space on the form Summons and Complaint.

Pursuant to instructions from the Administrative Director of the Courts, Summons–Complaint Form SF–1 is to be used in jurisdictions where the New Jersey Municipal Court Direct Internet Project is available.[7]   Otherwise, Form SF–2 is to be used.[8]   In either case,

> Only this revised Special Form may be used for any of the following non-indictable offenses, venued in the municipal courts: disorderly/petty disorderly offenses ...; local ordinance violations; code enforcement actions; *penalty enforcement proceedings;* boating offenses; and parking and traffic offenses where a private citizen is the complaining witness.
>
> [Administrative Office of the Courts, *supra, Instructions and Revised Special Form of Complaint and Summons, (sf–1)* (emphasis added).]

Clearly, this was *not* a penalty enforcement action pursuant to *N.J.S.A.* 2A:58–11 and 56:8–14.   Rather, it was an action to assess penalties under *N.J.S.A.* 56:8–14.1.   Summons–Complaint Form SF–1 should not have been used.   The form is insufficient to give adequate notice of a CFA violation because *N.J.S.A.* 56:8–2 proscribes a broad spectrum of conduct.   The applicable municipal court rule provides that "[t]he complaint shall be a written statement of the *essential facts constituting the offense charged* made on a form approved by the Administrative Director of the Courts." *R.* 7:2–1(a) (emphasis added).

This complaint did not state the essential facts of anything except the date of the offense and the alleged perpetrator and it was not made on a form approved by the Administrative Director of the Courts.[9]   It left defendant without a clue as to what it did

---

[7] Administrative Office of the Courts, *Instructions and Revised Special Form of Complaint and Summons, (sf–1)* (Dec. 15, 2001), *available at* http://172.16.1.185/mcs/forms/sf1_instructions_12–15–01.pdf.

[8] Administrative Office of the Courts, *Instructions and Revised Special Form of Complaint and Summons, (sf–2)* (Dec. 15, 2001), *available at* http://172.16.1.185/mcs/forms/sf2_instructions_12–15–01.pdf.

[9] Where no such form has been approved, the action must be instituted with a summons and complaint prepared by the complaining witness or counsel. Although the issue was not raised before us, we note that it was not appropriate

on August 24, 2006, to whom it did it, and how the CFA could have been violated by what it did on that date. There are multiple ways to violate *N.J.S.A.* 56:8–2, which provides in pertinent part:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice[.]
>
> [*N.J.S.A.* 56:8–2.]

Certainly, a mere reference to the statute did not give defendant adequate notice of what it had done. A date and place of violation alone is not sufficient to cure the lack of notice here. This is readily apparent when the complaint is compared to the specificity required of the Attorney General in pleading contested administrative cases under the CFA, *N.J.A.C.* 13:45–3.1(e), and that required by *Rule* 7:2–1(a). Furthermore, a key issue that only developed during the course of the trial was the second temporary registration issued on September 11, 2006, and the reason that it was issued. Defendant had no opportunity to prepare to meet this issue because it had no notice of the issue at all until the trial was in progress and the complaint only alleged a violation on August 24, 2006. Because notice of the claim was

---

to bring this action in the name of the *State.* A county director of consumer affairs is only permitted to:

> Initiate such litigation in the courts *in the name of the director* seeking such relief as may be authorized by the act. In the event that litigation is to be commenced by a county or municipal director of consumer affairs, notice thereof shall be given to the director by serving a copy of the proposed complaint and any supporting documents to be filed with the court not less than 15 days prior to the filing of such action. Where litigation is to be commenced by seeking a temporary restraining order on an emergent basis, the director shall be notified of such action consistent with the rules of court governing such applications.
>
> [*N.J.A.C.* 13:45A–13.6(a)(7) (emphasis added).]

"Director" is defined as "the Director of the Division of Consumer Affairs." *N.J.A.C.* 13:45A–13.2.

inadequate, we do not need to address the other procedural issues raised by defendant with respect to the issuance of the summons.

## VI.

Because there was no jurisdiction in the Central Municipal Court of Bergen County, the remaining issues raised by defendant are moot.

Reversed.